IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| **ROBERT FOX, individually and** | ) | |
| **on behalf of all others similarly situated,** | ) | |
| | ) | |
|     **Plaintiff,** | ) | |
| | ) | |
| -vs- | ) | CIVIL ACTION NO: _____ |
| | ) | |
| | ) | |
| **EXPRESS COURIER INTERNATIONAL,** | ) | **TRIAL BY JURY REQUESTED** |
| **INC.** | ) | |
| | ) | |
|     **Defendant.** | ) | |

## COMPLAINT

COMES NOW the Plaintiff, Robert Fox, and files this lawsuit against the Defendant, Express Courier, Inc., pursuant to §216(b) of the Fair Labor Standards Act (hereinafter "FLSA"or "the Act") and for this cause of action states the following:

1. Defendant Express Courier International, Inc., is a Tennessee corporation and was incorporated in Shelby County, Tennessee. Defendant conducts business in Shelby County, Tennessee and throughout the State of Tennessee. On information and belief, Defendant does business outside the State of Tennessee as well.

2. Plaintiff Robert Fox is a resident of Tennessee and at all times relevant to this complaint, was employed by Defendant as a courier and transacted business for Defendant in Shelby County, Tennessee.

3. This action is brought pursuant to the FLSA, 29 U.S.C §201 et seq. and specifically the collection action provision of the Act found at Section 216(b), to remedy

violations of the wage provisions of the FLSA by Defendant which has deprived Plaintiff of lawful wages.

4. This action is brought to recover unpaid compensation owed to Plaintiff pursuant to FLSA. For at least three years prior to filing this complaint, Defendant has had uniform policy and practice of consistently misclassifying its couriers as independent contractors. As such, the Defendant has refsed to pay and/or guarantee Plaintiff and those similarly situated the federal minimum wage for all hours worked and failed to pay the statutory rate of time and one-half for all hours worked over 40 each week. As couriers, Plaintiff and those similarly situated are paid by the number of drops they make each day.

5. Despite being misclassified as independent contractors, Plaintiff and those similarly situated should more appropriately be classified as employees under the FLSA. Plaintiff, and all others similarly situated are required to wear Defendant's uniforms, display Defendant's logo, follow the strict policies and procedures of the Defendant, work the schedule arranged by Defendant, purchase equipment required by the Defendant and are subject to discipline if they violate any of Defendant's policies.

6. Plaintiff, and all others similarly situated, was not paid for the time they were required to train for their job. This time is compensable under the FLSA.

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331. Venue is proper in the Western District of Tennessee.

8. Defendant is subject to personal jurisdiction in the State of Tennessee for the purpose of this lawsuit.

9. At all times material to this action, Defendant is an enterprise engaged in commerce or in the production of goods for commerce as defined by §203(s)(1) of the FLSA.

10. At all times relevant to this action, Defendant was an "employer" of Plaintiff as defined by §203(d) of the FLSA.

11. At all times material to this action, the Plaintiff was an "employee" of Defendant as defined by §203(e)(1) of the FLSA, and worked for Defendant within the territory of the United States within three years preceding the filing of this lawsuit.

12. The provisions set forth in §§206 and 207 of the FLSA apply to both Defendant and Plaintiff. Defendant consistently violated §§206 and 207 when compensating Plaintiff, and others similarly situated.

13. At all times relevant to this action, Defendant employed Plaintiff and others similarly situated in the capacity of a courier.

14. The services performed by Plaintiff and others similarly situated were necessary and integral parts of and directly essential to Defendant's business.

15. The Plaintiff and others similarly situated were required to perform work that should have otherwise been compensable under the FLSA.

16. Defendant has intentionally failed and/or refused to lawfully compensate Plaintiff and others similarly situated according to the provisions of the FLSA.

17. The systems, practices and duties of the Plaintiff has existed for at least three years, throughout the Defendant's business.

18. For at least three years, the Defendant has been aware of the requirements of the FLSA and its corresponding regulations. Despite this knowledge, the Defendant has failed to pay its employees the mandatory minimum wage and statutory premium for all hours worked over 40.

19. Defendant has intentionally and repeatedly misrepresented the true status to its

employees and their entitlement to the protections of the FLSA. The Plaintiff relied upon these misrepresentations and was unable to determine his true status.

20. As a result of the actions of Defendant, the applicable statute of limitations governing FLSA actions at 29 U.S.C. §255(a) should be tolled for long as Defendant engaged or engages in the fraudulent conduct set forth above. Defendant should be estopped from raising such statue of limitations as a bar.

21. In addition to the amount of unpaid wages and benefits owing to the Plaintiff, she is also entitled to recover an additional amount as liquidated damages pursuant to 29 U.S.C. §216(b) and prejudgment interest.

22. Defendant's actions toward Plaintiff and others similarly situated was willful under the FLSA.

23. Defendant has not made a good faith effort to comply with the FLSA.

24. The Plaintiff is also entitled to an award of attorney's fees pursuant to 29 U.S.C. §216(b).

**WHEREFORE**, pursuant to §216(b) of the FLSA, Plaintiff prays for the following relief:

1. The Plaintiff, and all others similarly situated, be awarded damages in the amount of their respective unpaid compensation plus an equal amount of liquidated damages pursuant to 29 U.S.C. §216(b), and/or prejudgment interest;

2. Plaintiff's reasonable attorneys' fees, including the costs and expenses of this action; and

3. Such other legal and equitable relief including, but not limited to, any injunctive and/or declaratory relief, to which they may be entitled.

/s/ Roman A. Shaul

_____
ROMAN A. SHAUL (TN BPR#024265)
Attorney for Plaintiff

**OF COUNSEL:**

**BEASLEY, ALLEN, CROW,**
**METHVIN, PORTIS & MILES, P.C.**
272 Commerce Street
Post Office Box 4160
Montgomery, Alabama 36103-4160
Phone No. (334) 269-2343
Fax No. (334) 954-7555
Roman.Shaul@BeasleyAllen.com

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY**
**ON ALL ISSUES RELATED TO THIS CAUSE**

/s/ Roman A. Shaul

_____
OF COUNSEL